UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MARK KIRBY JACKSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:23-CV-28 SRW |
| BILL STANGE, | ) ) ) |
| Respondent. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by Mark Kirby Jackson. ECF No. 1. Petitioner Jackson also seeks permission to proceed in this matter *in forma pauperis*, or without prepaying fees and costs. ECF No. 2. Based on the financial information submitted in support, Petitioner's motion for leave to proceed *in forma pauperis* will be granted and the filing fee will be waived. *See* 28 U.S.C. § 1915(a). However, because the claims raised in the § 2254 petition are not cognizable in federal habeas corpus, it is apparent from the face of the petition that Petitioner is not entitled to relief. Therefore, this case will be summarily dismissed under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

**Petition**

Petitioner initiated this action with a court-form petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction in Missouri state court case "1822-CR01429-01." ECF No. 1 at 1. However, Petitioner responded to most of the petition questions with "N/A," and his single ground for relief does not contest the validity of his conviction in the state court matter. *Id.* at 2-12. Petitioner is challenging the percentage of his sentence he will be required to serve – not the actual length of the sentence or the judgment of conviction.

Independent review of Petitioner's criminal case on Missouri Case.net, the State of Missouri's online docketing system, shows that Petitioner pleaded guilty to two counts of first-degree robbery and two counts of armed criminal action in the Circuit Court of the City of St. Louis, State of Missouri, on September 30, 2019.  *State v. Jackson*, No. 1822-CR01429-01 (22nd Jud. Cir., filed July 5, 2018).  On November 8, 2019, Petitioner was sentenced to ten (10) years' imprisonment on those charges.

According to Petitioner, for the first few years of his ten-year sentence, his Missouri Department of Corrections ("MDOC") Face Sheet showed he would be required to serve eighty percent (80%) of the total sentence, and that his conditional release date was "04/23/2025."  ECF No. 1 at 21-22.  However, after Petitioner was transferred to a different MDOC institution in March 2022, his MDOC Face Sheet was changed to reflect that he was convicted of a "Dangerous Felony."  *Id.* at 23.  As a result, the percentage of the sentence that he is required to serve changed from eighty percent to eighty-five percent (85%), and his release date changed to three years later, "04/23/2028."  *Id.*

Petitioner alleges that the MDOC, specifically the Records Office at Southeast Correctional Center ("SECC"), enhanced or changed his sentence by adding "Dangerous Felony" to his conviction.  *Id.* at 4.  Petitioner argues that the state court did not sentence him to a "Dangerous Felony" so SECC had "no jurisdiction" to add this designation to his Face Sheet.  *Id.*

## Discussion

Under Missouri law, any offender found guilty of a "dangerous felony" is required to serve a minimum prison term of eighty-five percent (85%) of the sentence imposed by the court.  Mo. Rev. Stat. § 558.019.3 (2019).  First-degree robbery is considered a "dangerous felony." Mo. Rev. Stat. § 556.061 (2020).  Petitioner is challenging the percentage of his sentence that he will be required to serve.  Petitioner does not deny that he was sentenced on charges that qualify as a "dangerous felony" under Missouri statute.  Instead, Petitioner complains about the delayed entry

2

into the MDOC system of the "dangerous felony" designation, and the resulting change in his projected release date.

Under 28 U.S.C. § 2254(a), a district court may only entertain a petition for writ of habeas corpus if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." In other words, grounds that do not state a constitutional issue are not cognizable in a federal habeas petition. *See, e.g., Gee v. Groose*, 110 F.3d 1346, 1351-52 (8th Cir. 1997). The United States Supreme Court has held that a prisoner has no right to be released prior to the expiration of a valid sentence. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). As such, the instant petition does not allege a violation of the Constitution and, therefore, Petitioner's claims are not cognizable in federal habeas.[1]

Petitioner is essentially contesting his parole eligibility date. But the Supreme Court has made clear that an inmate does not have a constitutionally protected liberty interest in the possibility of parole. *Id.* at 9-11. In addition, the United States Court of Appeals for the Eighth Circuit Court and Missouri state courts have held that Missouri parole statutes create no liberty interest in parole. *Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005).

The instant petition challenges the manner in which Petitioner's sentence is being executed under state law. Such claims are outside the scope of federal habeas corpus. Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts states, in part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

---

[1] Petitioner states that he "wrote the Record's Office to try to get them to correct their wrong doing," but does not allege that he has pursued any relief in state court. Other prisoners have contested the 85% mandatory minimum time served through a declaratory judgment action against the MDOC in state court. *See, e.g., Hill v. Mo. Dep't of Corr.*, 570 S.W.3d 95 (Mo. Ct. App. 2018).

As the petition before the Court does not state a claim cognizable in federal habeas, it will be summarily dismissed under Rule 4.

Finally, Petitioner has failed to demonstrate that jurists of reason would find it debatable whether his claims are cognizable. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED and the filing fee is waived**. *See* 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [ECF No. 1] is **DENIED**, and this case is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

A separate Order of Dismissal will accompany this Memorandum and Order.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 12th day of April, 2023.